Case 1:12-cv-01497-TWT   Document 1   Filed 04/30/12   Page 1 of 8

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 30 2012

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PETER KYRES and TIMOTHY PARKER, }
}
Plaintiffs, }
}
v. }   Civil Action File No.
}   1:12-CV-1497
GREGORY E. FOOTE, KELLIE C. BRADY, }
C.E. BREWER, DENA J. BREWER, }
JAMES E. BREWER, JOY L. DUFFY }
}
Defendants. }

COMPLAINT

COME NOW Plaintiffs Peter Kyres and Timothy Parker (collectively, "Plaintiffs"), acting by and through their undersigned attorney, and file this Complaint against Defendants Gregory E. Foote, Kellie C. Brady, C. E. Brewer, Dena J. Brewer, James E. Brewer and Joy L. Duffy (collectively, "Defendants"), showing the Court the following:

PARTIES

1.

Plaintiff Peter Kyres ("Kyres") is an individual resident of the State of Florida, residing at 800 South Gulfview Boulevard, Unit 600, Clearwater Beach, Florida 33767. Kyres submits himself to the jurisdiction of this Court by the filing of this Complaint, and may be served through his undersigned attorney of record.

2.

Plaintiff Timothy Parker ("Parker") is an individual resident of the State of Florida, residing at 205 East Highway 329, Citra, Florida 32113. Parker submits himself to the jurisdiction of this Court by the filing of this Complaint, and may be served through his undersigned attorney of record.

3.

Based on information and belief, Defendant Kellie C. Brady ("Brady") is an individual resident of the State of Georgia, whose last known residence is 5405 Landsdowne Court, Cumming, Georgia 30040. Defendant Brady may be served at such address or wherever she may be found.

4.

Based on information and belief, Defendants C. E. Brewer ("C. E. Brewer") and Dena J. Brewer ("Dena Brewer") are individual residents of the State of North Carolina, whose last known residence is 111 Wyndham Cove, Cherryville, North Carolina 28021. Defendants C. E. Brewer and Dena J. Brewer may be served at such address or wherever they may be found.

5.

Based on information and belief, Defendant James E. Brewer ("James Brewer") is an individual resident of the State of Georgia, whose last known residence is 1522 Ridgeland Court, Lilburn, Georgia 30047. Defendant James Brewer may be served at such address or wherever he may be found.

6.

Based on information and belief, Defendant Joy L. Duffy ("Duffy") is an individual resident of the State of Georgia, whose last known residence is 2360 Wood Cove Drive, Cumming, Georgia 30041. Defendant Duffy may be served at such address or wherever she may be found.

7.

Based on information and belief, Defendant Gregory C. Foote ("Foote") is an individual resident of the State of Georgia, whose last known residence is 988 Emory Parc Place, Decatur, Georgia 30033. Defendant Foote may be served at such address or wherever he may be found.

8.

United Funding Mortgage, Inc. (the "Corporation") is a Georgia business corporation whose preferred stock is the primary basis of the controversies set forth in this suit. The Corporation is presently the subject of a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Northern District of Georgia (case no. 10-83213-JB), and is presently subject to the automatic stay provisions of the 11 U.S.C. § 362. As such, the Corporation is presently unavailable to be named as a defendant in this case.

JURISDICTION AND VENUE

9.

The Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a) as it is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and it is between citizens of different States. To the extent that several of the causes of action set forth in this Complaint arise under the laws of the United States, the Court also has original jurisdiction under 28 U.S.C. § 1331.

10.

The Court has personal jurisdiction over the Defendants pursuant to the Georgia long-arm statute, O.C.G.A. § 9-10-91, as the events described herein took place within the State of Georgia.

11.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as this is the District where the alleged wrongful conduct occurred giving rise to the claims.

## COMMON FACTS

12.

Plaintiff Kyres paid cash consideration of $250,000 for 500 shares of preferred stock of the Corporation.

13.

Plaintiff Parker paid cash consideration of $100,000 for 200 shares of preferred stock of the Corporation.

14.

A third person who is not a party to this suit, Ben Charles, paid cash consideration of $93,500 for 187 shares of preferred stock of the Corporation.

15.

A fourth person who is not a party to this suit, Sean Murla, purchased 613 shares of preferred stock of the Corporation; in addition to the preferred shares, Murla also purchased 5,500 shares of the common stock of the Corporation. Murla paid $250,000 in partial cash consideration and gave a $500,000 promissory note for the benefit of Defendants Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy, as partial consideration.

16.

Murla is presently involved in a separate lawsuit and foreclosure action brought in the Circuit Court for Marion County, Florida (*KMJG Holdings, LLC v. Sean Murla et al.* case no. 10-4438-GA-B), in which Defendants Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy, acting through a limited liability company owned and controlled by them, are seeking to enforce the $500,000 promissory note and mortgage against Murla, which note and mortgage Murla gave as partial consideration for his purchase of stock of the Corporation.

17.

Based on information and belief, the Defendants received cash consideration in exchange for the sale of their stock in the Corporation in the following amounts:

|     |     |     |
| --- | --- | --- |
| (a) | Kellie C. Brady | $  50,000.00 |
| (b) | C. E. Brewer & Dena J. Brewer | $  50,000.00 |
| (c) | James E. Brewer | $100,000.00 |
| (d) | Joy L. Duffy | $  50,000.00 |

All consideration paid to Defendants Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy was derived from the consideration paid by Murla, Charles, and Plaintiffs Kyres and Parker, as part of a single, integrated stock purchase and sale transaction.

18.

Based on information and belief, Defendants Brady, C.E. Brewer, Dena Brewer, James Brewer and Joy Duffy collectively owned approximately fifty percent of the outstanding shares of common stock of the Corporation prior to the sale of stock to the Plaintiffs.

19.

Together with the outstanding shares of stock of the Corporation owned by Defendant Gregory Foote, the Defendants collectively owned the overwhelming majority of the Corporation's shares prior to the sale of stock to the Plaintiffs, and therefore the Defendants were in a position to exercise control over the Corporation prior to the sale of stock to the Plaintiffs.

20.

Acting in his capacity as the president and chief executive officer of the Corporation, Defendant Foote made representations regarding the financial condition and market value of the Corporation to the Plaintiffs and other persons acting on the Plaintiff's behalf.

21.

In his capacity as the president and chief executive officer of the Corporation, Defendant Foote was in the best position of any single individual to know the actual state of the Corporation's financial condition and its market value.

22.

In making their decision to purchase a controlling majority of the Corporation's stock, Plaintiffs relied upon the representations regarding the Corporation's financial condition and market value made by Defendant Foote and other corporate officers.

23.

Based on information and belief, Defendants Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy were provided periodic reports of the Corporation's financial condition by Defendant Foote and other officers of the Corporation.

24.

To the best of Plaintiffs' knowledge, information and belief, the book value of the Corporation was no greater than $30,000, and possibly negative, at the time of the sale of stock to the Plaintiffs' and the market value of the Corporation and its stock was effectively zero.

25.

The Corporation is presently the debtor in a pending Chapter 7 bankruptcy case in the U.S. Bankruptcy Court for the Northern District of Georgia, and, as such, is subject to the automatic stay provisions of 11 U.S.C. § 362 and cannot be named as a party defendant in this case at this time. At such time as the bankruptcy case is concluded, Plaintiffs will move to add the Corporation as a defendant in this case.

## Count I
## COMMON LAW FRAUD

26.

Plaintiffs re-allege and incorporate paragraphs 1 through 25 above.

27.

Based on information and belief, the Corporation and its officers and other insiders, specifically including Defendant Foote, knew the Corporation's actual financial condition and market value and were in a position of superior knowledge to that of Plaintiffs.

28.

Within the 90 days immediately following the sale of stock to the Plaintiffs, it became apparent that there was a great disparity in the actual value and financial condition of the Corporation and its value and condition as represented by the Corporation and its officers.

29.

By and through such material misrepresentations, the Corporation and Defendant Foote induced Plaintiffs to purchase the stock of the Corporation, from which all Defendants directly benefited.

30.

WHEREFORE, Plaintiffs demand damages in the amount of the consideration paid by them, together with interest, legal fees and costs.

## COUNT II
## VIOLATION OF FEDERAL AND
## STATE SECURITIES REGISTRATION LAWS

31.

Plaintiffs re-allege and incorporates paragraphs 1 through 25 above.

32.

The purchase and sale of securities is one that is subject to state and federal securities laws.

33.

Section 5 of the Securities Exchange Act of 1933 requires a sale of securities to be registered with the SEC unless the sale falls within an exemption thereto.

34.

Upon information and belief, none of the Section 5 exemptions apply here, including the most common exemption, Regulation D, which exempts transactions involving only "accredited investors." The purchase and sale of securities involves several unaccredited investors.

35.

Further, the purchase and sale of securities should have been registered under the Georgia Blue Sky Law, O.C.G.A. § 10-5-5 *et seq.*, and does not fall under any of the exemptions to that law.

36.

Section 10-5-14(a) provides a civil remedy for any violation of O.C.G.A. § 10-5-5 and further provides that the damages for such a violation are to be "the amount which equals the difference between the fair value of the consideration the buyer gave for the security and the fair value of the security at the time the buyer disposed of it, plus interest thereon from the date of payment down to the date of repayment."

37.

WHEREFORE, Plaintiffs demand rescission and restitution of all funds invested in violation of federal and state securities law, in addition to other damages as provided under state and federal law.

## Count III
## VIOLATIONS OF STATE SECURITIES LAWS

38.

Plaintiffs re-allege and incorporate paragraphs 1 through 25 above.

39.

Pursuant to Section 10-5-50 of the Official Code of Georgia ("O.C.G.A."), "It is unlawful for a person, in connection with the offer, sale, or purchase of a security, directly or indirectly: (1) To employ a device, scheme, or artifice to defraud; (2) To make an untrue statement of a material fact or to omit to state a material fact necessary in order to make the statement made, in the light of the circumstances under which it is made, not misleading; or (3) To engage in an act, practice, or course of business that operates or would operate as a fraud or deceit upon another person.

40.

The Corporation, acting by and through its officers, including Defendant Foote, knew or should have known that the financial condition and value of the Corporation was not what was represented to Plaintiffs.

41.

The representations made to Plaintiff by the Corporation and its officers, including Defendant Foote, and on behalf of Defendants Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy constitute one or more untrue statements of material fact under Section 10-5-50, and the failure to disclose the true financial condition and value of the Corporation constitutes an omission of a material fact necessary in order to make the statement made, in the light of the circumstances under which it is made, not misleading, under Section 10-5-50.

42.

The Corporation and all Defendants were the direct beneficiaries of such misstatements and omissions of material facts.

43.

WHEREFORE, Plaintiffs demand rescission of the stock purchase agreement and restitution of the consideration paid by them, together with interest, legal fees and costs, or, in the alternative, damages in the amount of the consideration paid by them, together with interest, legal fees and costs.

Count IV
VIOLATIONS OF FEDERAL SECURITIES LAWS

44.

Plaintiffs re-allege and incorporate paragraphs 1 through 25 above.

45.

Section 10(b) of the Securities Exchange Act of 1934 forbids the use or employment of any deceptive device in connection with the purchase or sale of any security, in contravention of Securities and Exchange Commission ("SEC") rules and regulations.

46.

SEC Rule 10b-5 forbids, among other things, the making of any untrue statement of material fact or the omission of any material fact necessary in order to make the statements not misleading in connection with the purchase or sale of securities.

47.

The Corporation, acting by and through its officers, including Defendant Foote, knew or should have known that the financial condition and value of the Corporation was not what was represented to Plaintiffs.

48.

The representations made to Plaintiff by the Corporation and its officers, including Defendant Foote, and on behalf of Defendants Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy constitute one or more untrue statements of material fact under Section 10-5-50, and the failure to disclose the true financial condition and value of the Corporation constitutes an omission of a material fact necessary in order to make the statement made, in the light of the circumstances under which it is made, not misleading, under Section 10-5-50.

49.

The Corporation and all Defendants were the direct beneficiaries of such misstatements and omissions of material facts.

50.

WHEREFORE, Plaintiffs demand rescission and restitution of all consideration paid by them, in addition to other damages as provided under state and federal law.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment as follows:

(a) Rescission, restitution, and damages in an amount to be determined at trial, and as provided for under state law of frauds regarding Defendants' knowing provision of material false information, or failure to provide material information relating to a contract;

(b) Rescission, restitution, and damages in an amount to be determined at trial, and as provided for under federal and state securities laws due to Defendants' failures to register the purchase and sale of securities involved in this case, and failure to provide material information relating to the purchase and sale of securities;

(c) Compensatory and punitive damages to Plaintiffs, in amounts to be determined at trial due to the breach of fiduciary duties owed by one or more of the Defendants;

(d) Attorneys' fees and expenses of litigation, as a result of Defendants' bad faith, stubborn litigiousness, and continuing conduct causing unnecessary litigation; and

(e) Granting such other relief as the Court may deem just and proper.

JURY DEMAND

Plaintiffs demand a jury trial on all issues triable by jury.

Submitted this 19th day of March, 2012.

THE RAULIN
PROFESSIONAL GROUP, LLC,
Attorneys for Plaintiffs

By: *[signature: Kurt A. Raulin]*
Kurt A. Raulin, Esq.
State Bar of Georgia no. 595545
Post Office Box 53054
Atlanta, Georgia 30355-1054
(404) 869-6164